NELSON TEAGUE *v.* H. J. WEEKS.

[42 South. Rep., 172.]

1. EXEMPTIONS. *Contracts. Waiver.*

    An executory contract of a debtor to waive the exemptions of property allowed him by law is against public policy, and void.

2. SAME. *Promissory note. Lien.*

    A stipulation in a promissory note purporting to waive the maker's right of exemption in certain designated personal property does not constitute a lien upon the same in favor of the payee.

FROM the chancery court of Attala county.

HON. J. F. McCOOL, Chancellor.

The appellee, Weeks, was the complainant in the court below; the appellant, Teague, was defendant there. From a decree in complainant's favor overruling defendant's demurrer to the bill of complaint, defendant appealed to the supreme court.

Complainant's bill alleged that the defendant, Teague, on March 3, 1902, executed the following note: "On or before the 1st day of January, 1903, I promise to pay to H. J. Weeks or bearer the sum of two hundred and twenty-one dollars ($221) for two mules bought of Journey & Rimmer. Said mules are the property of H. J. Weeks until paid for. I agree to pay all reasonable costs of collection if necessary to institute suit to collect this note. I agree to secure the above note or any part thereof by waiving all rights to exemptions allowed me under the laws of Mississippi, to all of my personal property, consisting of stock and etc., to wit: one mare, Bettie, one mule named Charlie, two red cows, one yoke oxen, one wagon and harness."

Complainant's bill further alleged that it was the understanding between the parties to the note when it was signed and

delivered to complainant, that the note was to be an express lien on the personal property mentioned therein, except as to the two mules purchased from Journey & Rimmer, which two mules were to remain the property of the complainant, Weeks, until the note was paid; that the note, of which complainant was legal holder, was not paid at maturity; that the defendant, Teague, was insolvent, or would become so by the time a judgment could be obtained against him; that defendant refused to pay the note, or to deliver to complainant the personal property described.

The bill prayed that a lien be decreed to exist upon the personal property as to which exemptions were waived, and that defendant be adjudged personally liable on the note, and that the said personalty be subjected by process of law to the payment of amount due upon the note.

There was no averment touching the two mules for which the note was given in payment, no statement of their whereabouts, and no showing as to what steps, if any, had been taken to secure possession of them.

Defendant's demurrer to the bill was based on the theory that the terms of the note did not constitute a lien upon the exempt property in question, but at most could be construed only as an attempted waiver of defendant's legal exemptions.

*Mayes & Longstreet,* for appellant.

The chancellor erred in overruling defendant's demurrer. The prayer of the bill is that complainant, Weeks, be decreed to have a lien upon the exempt property mentioned in the note. But there is nothing in the bill upon which to base such prayer. The bill alleges merely that the understanding between complainant and defendant, at the time of the execution of the note, was that a lien should be retained upon all of the personal property therein mentioned, excepting only the two mules previously bought from Journey & Rimmer by complainant. If such

understanding existed, it was not in writing. The note contains no provision for any lien on the exempt personalty.

The stipulation in the note is merely: "I agree to secure the above note or any part thereof by waiving all rights to exemption allowed me under the law of the state of Mississippi to all of my personal property, consisting of stock," etc. This agreement cannot in any way be construed as a provision for any lien on the maker's exempt property. It is merely a waiver of the exemptions allowed to the maker. And such waiver was void.

"It is a general rule that a debtor's waiver of his exemption rights by stipulation of an executory contract is absolutely void." 18 Cyc., 1450.

"A stipulation in a promissory note that defendant promised to pay without default and without relief from appraisement or exemption laws will not be given effect by the court, as the parties to the note cannot prescribe the rules of proceedings for the officers, or the modes in which the court shall enforce its judgment." *Levicks* v. *Walker,* 15 La. Ann., 247 (77 Am. Dec., 187). And see *Columbia Finance Co.* v. *Morgan,* 44 S. W. Rep., 389; *Moss* v. *Carl* (Ky.), 37 S. W. Rep., 580.

*S. L. Dodd,* for appellee.

(The brief for the appellee was lost from the record before the same came into the reporter's hands. Hence no synopsis can be given.)

WHITFIELD, C. J., delivered the opinion of the court.

There is no provision for any lien on the exempt personal property described in the note in this case. The method by which it was intended to secure the note is simply the waiver of the exemption which the law provides, and this waiver was absolutely void. 18 Cyc., 1450, and cases cited.

*Reversed and remanded.*