# HARTFIELD *v.* ANDERSON.

(Division B.   March 17, 1930.)

[126 So. 830.   No. 28509.]

**Sebe Dale,** of Columbia, for appellant.

**Rawls & Hathorn,** of Columbia, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant, having obtained a personal judgment against appellee in the justice court on a money demand, procured the issuance of an execution which was levied on a motor-truck, belonging to the judgment debtor and valued at one hundred and twenty-five dollars. Appellee thereupon filed his affidavit claiming the said property as exempt to him as a citizen and householder and head of a family. Upon a trial of the claimant's issue, the justice court denied the claim of exemption, and the claimant appealed to the circuit court, which court entered judgment in favor of the exemption, and the judgment creditor appeals to this court.

On the trial it was shown that the exemptionist lives on a farm in the country, and has household furniture, plow tools, plow animals, cows, chickens, and the like, the value of which are not shown. The further proof was that in addition to his farm work, the exemptionist was using the said truck to supplement his income by hauling gravel, or anything else he could find to do along that line.

In the general section of the statutes dealing with exemptions to a head of a family (section 1891, Hem. 1927 Code), there are twenty specified articles of exempted personal property, being the kinds of property usually possessed and used in connection with farms and by farm householders. Among these items only two are limited in value, viz., one molasses mill and equipments, not exceeding one hundred and fifty dollars in value, and household and kitchen furniture not exceeding in value two hundred dollars. If an exemptionist owned and possessed these two items up to the allowable value, and also all the other eighteen, his total exemptions might amount to more than one thousand dollars, yet by the plain terms of the law, so long as he remained within the specified

items, he could hold all of them. By another section of the statutes (section 1902, Hem. 1927 Code), ''every citizen of this state male or female, being a householder and having a family, shall be entitled to hold exempt . . . personal property to be selected by him or her not to exceed in value two hundred and fifty dollars or the articles specified as exempt to the head of a family.'' It is under the first provision of the latter statute that, in this case, the exemptionist has claimed the said motortruck, being, as is admitted, of a value less than two hundred and fifty dollars.

It is the contention of appellant that the exemptionist cannot have both the two hundred and fifty dollars, and, in addition, the articles specified under the general statute as exempt to the head of a family. In this contention appellant is correct. Upon this basis, appellant next contends, proceeding to the further step necessary to maintain his case, that, if the exemptionist owns and possesses any of the articles exempted under the general statute, as, for instance, household and kitchen furniture, he cannot waive these and claim anything under the alternate two hundred and fifty dollar provision; and for this view appellant relies upon Teague v. Weeks, 89 Miss. 360, 42 So. 172. That case simply upholds the rule that the exemptionist cannot in advance by an executory contract waive his exemption rights—and this would apply as well to the two hundred and fifty dollar provision as to the general statute. Neither the case nor the rule extends to the right of selection when an attempt to take the property is made and the time for selection has actually arrived.

The second contention of appellant, to illustrate, would lead to this: A man engaged in earning a livelihood as a drayman using a motortruck of less than two hundred and fifty dollars in value, and who rents, for the occupancy of his family, a furnished apartment, thus owning no part

of the furniture therein nor any other personal property, could claim the motortruck as exempt; but the moment he acquired ownership of a single piece of the furniture, or added thereto of his own, say a rocking chair worth five dollars, his right of exemption in the truck would be gone, so that he must then make a living with the rocking chair rather than with the truck. This, we must say, is not the law.

The statutes of the several states differ in details on this subject, to such an extent that little aid is derived from decision elsewhere. We believe the nearest in point with this case among our own decisions, is Bank v. O'Neal, 86 Miss. at page 55, 38 So. 630, 632, wherein it is said: "By the express terms of the law any species of personal property not exceeding in value two hundred and fifty dollars can be retained by certain exemptionists in lieu of the property exempted by the general provision to each head of a family." Applying this exact language to the case here: The exemptionist has selected for his retention a species of personal property of less than two hundred and fifty dollars in value in lieu of the property exempted by the general provision. This is sufficient to affirm the judgment; but we deem it our duty, within the record as presented, to add that in our opinion these statutes, construed together, intended to provide, and do provide, an alternate right to the exemptionist to select personal property of two hundred and fifty dollars in value out of any that he has, regardless of the kind and character thereof, and that therefore, so long as that value is not exceeded in the aggregate, the exemptionist may select some articles out of those specified in the general statute, and, counting all the personal property of every class selected make up the balance, in aggregate value up to two hundred and fifty dollars, out of any other personal property, as mentioned in the companion statute.

Affirmed.